UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA MENDEZ,

       Plaintiff,

v.                                                            Case No. 8:19-cv-713-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,

       Defendant.

_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

### A.     Procedural Background

Plaintiff initially filed an application for a period of disability, DIB, and SSI (Tr. 191-201). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 57-119). Plaintiff then requested an administrative hearing (Tr. 125-26). Per Plaintiff's request, an ALJ held a hearing at which Plaintiff appeared and testified (Tr. 34-56). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 14-32). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-13). Plaintiff appealed that decision to the district court, which reversed and remanded the decision, finding that the ALJ

erred by failing to comprehensively or implicitly describe Plaintiff's limitations with regards to standing in the hypothetical posed to the vocational expert ("VE") (Tr. 501-08).

Upon remand, the Appeals Council vacated the first administrative decision and remanded the case to a new ALJ for further proceedings consistent with the court's order (Tr. 495-500).  In doing so, the Appeals Council also indicated the following:

> Therefore, the Appeals Council vacates the final decision of the Commissioner of Social Security and remands this case to an Administrative Law Judge for further proceedings consistent with the order of the court.
>
> Additionally, the claimant filed an electronic subsequent claim for Title XVI disability benefits on June 29, 2015. The Appeals Council's action with respect to the present electronic claims renders the subsequent claim duplicate. Therefore, the Administrative Law Judge will consolidate the claim files, create a single electronic record, and issue a new decision on the consolidated claims (20 CFR 416.1452 and HALLEX I-1-10-10).
>
> In compliance with the above, the Administrative Law Judge will offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision.

(Tr. 499).  Indeed, while the appeal to the district court remained pending, Plaintiff submitted new applications for DIB and SSI, which the Commissioner denied (Tr. 484-94, 518-20, 601-28).  Thereafter, a second administrative hearing was held (Tr. 434-56).  Following the hearing, the ALJ issued an unfavorable decision on the consolidated claims, finding Plaintiff not disabled (Tr. 412-33).  Plaintiff again sought review from the Appeals Council, which the Appeals Council denied (Tr. 404-11).  Plaintiff then timely filed a complaint with this Court (Doc. 1).  The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## B.      Factual Background and the ALJ's Decision

Plaintiff, who was born in 1960, claimed disability beginning December 31, 2007, which she later amended to July 17, 2010 (Tr. 191, 195, 436, 601, 608).  Plaintiff has no formal education (Tr. 221, 647).  Plaintiff's past relevant work experience included work as a harvest worker (Tr. 221, 448, 647).  Plaintiff alleged disability due to type II diabetes, leg and hand

problems due to arthritis, liver problems, high blood pressure, a heart condition, vision problems, and a walking problem (Tr. 220, 646).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through September 30, 2010 and had not engaged in substantial gainful activity since July 17, 2010, the amended alleged onset date (Tr. 420-21).   After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: hypertension, osteoarthritis, cervical spine degenerative change, and diabetes mellitus (Tr. 421).   Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 422).  The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform the full range of medium work (Tr. 423).   In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were only partially supported due to inconsistencies between them and the other evidence of record (Tr. 424).   Considering Plaintiff's noted impairments and testimony from a VE, the ALJ determined Plaintiff could perform her past relevant work as a harvest worker (Tr. 425).   Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 426).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.   42 U.S.C. §§

423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,

401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

## III.

Plaintiff argues that the ALJ erred by exceeding the directive of the remand order and changing the RFC findings. Essentially, Plaintiff contends that, in finding that Plaintiff maintained the ability to perform a full range of medium work without explicitly limiting Plaintiff to standing or walking, off and on, for approximately six hours of an eight-hour workday, with sitting occurring intermittently, the ALJ erred as the new RFC did not comport with the prior RFC. According to Plaintiff, the law of the case doctrine or the rule of mandate prevented the ALJ from altering the RFC finding on remand from the district court. For several reasons, Plaintiff's claim fails.

Initially, in considering the application of the doctrines of law of the case, the mandate rule, and *res judicata* in the context of a Social Security appeal, the Eleventh Circuit succinctly stated:

> Generally, under the law of the case doctrine, an appellate court's findings of fact and conclusions of law are binding in all subsequent proceedings in the same case, whether in the trial court or on a later appeal. The mandate rule requires compliance on remand with the appellate court's instructions and forecloses relitigation of any issue that the appellate court expressly or impliedly decided. Finally, *res judicata* in the administrative realm applies when an agency has made a previous determination or decision about a claimant's rights on the same facts and on the same issue or issues, and that previous determination or decision becomes final by either administrative or judicial action. For any of these doctrines to bar relitigation of an issue, an earlier decision must be extant.

*Zuniga v. Comm'r of Soc. Sec.*, 772 F. App'x 870, 871 (11th Cir. 2019) (internal citations, quotations, and marks omitted). Under the doctrine of the law of the case, courts are precluded from revisiting issues that were already decided, including issues decided explicitly or by necessary implication. *Maxwell v. Comm'r of Soc. Sec.*, 778 F. App'x 800, 802 (11th Cir. 2019) (citations omitted). The mandate rule requires strict compliance with the appellate mandate and functions as nothing more than a specific application of the law of the case doctrine. *Id.* (citations and internal quotations omitted).

In this instance, the only issue on appeal of the prior ALJ's decision involved whether the ALJ's hypothetical included all of Plaintiff's physical limitations (Tr. 501-08). In considering the lone issue on appeal, the district court's order summarized the ALJ's RFC findings but did not discuss approval or disapproval of the RFC findings and, notably, offered no analysis on the issue (Tr. 502-03, 507). Instead, the district court solely addressed the issue of whether the hypothetical question to the VE accounted for Plaintiff's impairments and limitations. The district court's order therefore made no finding, expressly or impliedly, regarding the RFC, as Plaintiff did not challenge that issue on appeal. As the issue was not addressed previously, the ALJ in this instance did not violate the law of the case doctrine or the

mandate rule in setting forth a new RFC finding on remand. *See Maxwell*, 778 F. App'x at 802-03 (finding that an ALJ did not violate the law of the case doctrine or the mandate rule by making new findings regarding manipulation where the district court's order made no finding, expressly or impliedly, regarding the ALJ's manipulation determination, except to indicate it was confusing and may have been improperly conflated with reaching).

Furthermore, on remand, the Appeals Council explicitly vacated the prior ALJ's decision and directed that the new ALJ "consolidate the claim files, create a single electronic record, and issue a new decision on the consolidated claims" (Tr. 499). Under the regulations, the ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. §§ 404.977(b), 416.1477(b). In the decision, the ALJ acknowledged the procedural history, including the Appeal's Council's directive, stating:

> Pursuant to the District Court remand order, the Appeals Council vacated the September 3, 2013 decision and remanded the case to the undersigned for further proceedings consistent with the order of the court. The undersigned was also directed to consolidate the subsequent June 29, 2015 claim, offer the claimant the opportunity for a hearing, take any further action needed to complete the record, and issue a new decision ….

(Tr. 418). In accordance with the Appeals Council's directive, the ALJ held a hearing; considered the evidence of record for the consolidated claims, including the additional medical records from the period following the prior ALJ's decision; and issued a new decision based on all of the evidence of record (Tr. 418-26, 741-80, 794). As the ALJ complied with the Appeal's Council's directive, and neither the law of the case doctrine nor the mandate rule applies, no error is apparent.

Going further, administrative *res judicata* likewise does not apply to Plaintiff's claim. Under the regulations, the application of *res judicata* in the administrative context for Social Security disability appeals occurs when the Social Security Administration ("SSA") has made

7

a previous determination or decision about a claimant's rights on the same issue or issues, and the previous determination or decision has become final by either administrative or judicial action.   20 C.F.R. §§  404.957(c)(1), 416.1457(c)(1).   As the Eleventh Circuit indicated in *Randolph v. Astrue*, it has not ruled on the application of administrative *res judicata* to subsequent unadjudicated periods or as to what constitutes the same "issue or issues."  291 F. App'x 979, 981 (11th Cir. 2008).   Instead, the Eleventh Circuit pointed to the Acquiescence Rulings issued by the Commissioner regarding such determinations from other circuits, which indicate that the SSA's policy is as follows:

> if a determination or decision on a disability claim has become final, the Agency may apply administrative *res judicata* with respect to a subsequent disability claim … if the same parties, facts and issues are involved in both the prior and subsequent claims.  However, if the subsequent claim involves deciding whether the claimant is disabled during a period that was not adjudicated in the final determination or decision on the prior claim, SSA considers the issue of disability with respect to the unadjudicated period to be a new issue that prevents the application of administrative *res judicata*.   Thus, when adjudicating a subsequent disability claim involving an unadjudicated period, SSA considers the facts and issues *de novo* in determining disability with respect to the unadjudicated period. SSA does not adopt findings from the final determination or decision on the prior disability claim in determining whether the claimant is disabled with respect to the unadjudicated period.

*Id.* (quoting Acquiescence Ruling (AR) 97-4(9) and citing AR 94-2(4), & AR 98-4(6)).  Here, the consolidated claim did not involve the same period adjudicated in the prior decision.  The prior decision involved an alleged onset date of December 31, 2007 and a decision date of September 3, 2013 (Tr. 20-28), while the current decision involved an amended alleged onset date of July 17, 2010 and a decision date of September 20, 2017 for a consolidated claim, with consideration given to medical records post-dating the prior decision (Tr. 418-26). Accordingly, the issue of disability with respect to the unadjudicated period presented a new issue on a subsequent, consolidated claim, thereby preventing the application of administrative *res judicata*.

Beyond that, to the extent that Plaintiff's argument could be construed as challenging the basis for the new RFC finding, substantial evidence supports the ALJ's decision in that regard. As the ALJ discussed, and as the recent medical records indicate, Plaintiff did not demonstrate limitations with her musculoskeletal system that would warrant further reducing her RFC assessment (Tr. 423-25, 741-80, 794). Rather, the findings upon examination indicated grossly normal findings with no limitations or were silent as to any musculoskeletal issues (Tr. 741-80, 794). For the foregoing reasons, therefore, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1.      The decision of the Commissioner is AFFIRMED.

2.      The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 28th day of August, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record